## LOGAN CITY *v.* BUCK.

JUDGMENT REVERSED UPON THE AUTHORITY of *Logan City* v. *Buck* [*ante*, p. 301].

APPEAL from the first district court.

*W. H. Dickson*, for the appellant.

*Sheeks & Rawlins*, for the respondent.

The COURT:

The judgment in this case is reversed upon the authority of *Logan City* v. *Buck* [*ante*, p. 301], a case between the same parties, decided at this term.

---

## LOGAN CITY *v.* EDWARDS.

JUDGMENT REVERSED UPON THE AUTHORITY of *Logan City* v. *Buck* [*ante*, p. 301].

APPEAL from the first district court.

*W. H. Dickson*, for the appellant.

*Sheeks & Rawlins*, for the respondent.

The COURT:

The same questions raised on this appeal were decided against the respondent in *Logan City* v. *Buck* [*ante*, p. 301]. Upon the authority of that case, therefore, the judgment in this is reversed.

---

## LOGAN CITY *v.* EDWARDS.

JUDGMENT REVERSED UPON THE AUTHORITY of *Logan City* v. *Buck* [*ante*, p. 301].

APPEAL from the first district court.

*W. H. Dickson*, for the appellant.

*Sheeks & Rawlins,* for the respondent.

The COURT:

The same questions raised on this appeal were decided against the respondent in *Logan City* v. *Buck* [*ante,* p. 301]. Upon the authority of that case, therefore, the judgment in this is reversed.

---

## DEE v. HYLAND ET AL.

THE STATUTE OF LIMITATIONS BEGINS TO RUN AGAINST AN ACTION OF CLAIM AND DELIVERY for personal property in the open, notorious, and adverse possession of another, from the time of the commission of the wrongful act which deprived the owner of his possession, and not from the time the knowledge of such adverse possession first came to the owner, where there is no attempt at concealment by the possessor, and no fraud or deceit practiced by him.

APPEAL from the first district court. The statute of limitations provides that actions "can only be commenced as follows:" "Sec. 16. Within three years; * * * third, an action for taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property." The opinion states the facts.

*Hoge & Jonasson* and *N. Tanner, jun.,* for the appellant.

The question is, Can a man be deprived of his property against his consent, and without any fault or negligence on his part? Formerly, when theft was punished by hanging, the thief was hanged, and the property became forfeited to the crown. Thus the owner lost his property and the thief lost his life, and the only party who derived any benefit was the sovereign.

If our law-makers intended to deprive a person of his property in the manner in which this appellant lost his horse, the law is surely unconstitutional, because it makes a man lose his property without due process of law. Such a statute would favor wrong-doers and give them title to honest men's property by prescription. To uphold such a construction would be to pervert every principle maintained by every sage